UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
03-10390-DPW

UNITED STATES OF AMERICA

v.

JAMES PEEBLES

ORDER ON DEFENDANT'S MOTION
TO CONTINUE INITIAL STATUS
CONFERENCE AND TO ENTER AN ORDER
AND
ORDER ON EXCLUDABLE TIME

January 28, 2004

COHEN, M.J.

After review of the relevant pleadings and positions of the respective parties, Defendant's Motion to Continue Initial Status Conference and to Enter an Order (# 11) is allowed in part and denied in part. Insofar as defendant seeks to continue the Initial Status Conference, the motion is allowed subject to the excludable time order set forth below. The Initial Status Conference is continued to February 10, 2004, at 2:30 p.m.

Insofar as the defendant seeks an order of voluntary detention, the motion is denied. Neither on the occasion of his first appearance or thereafter did the government move for detention pending trial. Although this court has the authority to order detention *sua sponte* upon a finding that the defendant poses a significant risk of flight, that finding cannot be made in this case, since the defendant is currently confined

by the state authorities.

This court further finds and concludes, pursuant to the provisions of 18 U.S.C. §3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice--*i.e.*, in this case, to accommodate the schedule of counsel for the defendant -- outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. §3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time, commencing January 28, 2004, and concluding February 10, 2004.[1]

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).