UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA        )
                                )
          V.                    )    CRIMINAL NO. 03-10390-WGY
                                )
JAMES PEEBLES                   )
```

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby submits its requests for jury instructions in the above-captioned action.  The government respectfully reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions.


                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                         By:  /s/Donald L. Cabell
                              DONALD L. CABELL
                              Assistant U.S. Attorney
                              (617) 748-3105

## **TABLE OF CONTENTS**

Instruction No.

1        Presumption of Innocence; Burden of Proof;
         Reasonable Doubt

2        Function of the Jury

3        Direct and Circumstantial Evidence;
         Inferences

4        Credibility of Witnesses

5        Credibility -- Prior Inconsistent Statements

6        Expert Testimony

7        Stipulations of Fact

8        Punishment

9        "On or About"

10       [Read Count One of the Indictment]

11       Unlicenced Gun Dealing - Licenced Firearms
         Dealer

12       Unlicenced Gun Dealing - Firearms

13       Unlicenced Gun Dealing - Engaged in the
         Business

14       Unlicenced Gun Dealing - Willfulness

## INSTRUCTION NO. 1

### PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

As you know, this is a criminal case in which the United States has charged the defendant with committing a crime.  Like every criminal case, the defendant is presumed by law to be innocent.  This presumption of innocence stays with the defendant throughout the course of the trial.  It can be overcome only when the United States introduces during the trial competent evidence that satisfies its burden of convincing you beyond a reasonable doubt with respect to every element of the offenses.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty of the crime charged.  This burden of proof rests on the United States and never shifts to the defendant.  The defendant is not required to prove anything to you or to present any evidence at all.  If the United States fails to meet its burden of proof, then you must acquit the defendant.  If, however, the government does meet its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.  Proof beyond a reasonable doubt is a phrase often used but difficult to define.  It is proof that leaves you firmly convinced that the defendant is guilty.  A reasonable doubt is not doubt in the mind of a juror who is looking for doubt or who is looking for a reason to acquit the defendant.  It is doubt in the mind of a

reasonable juror who is earnestly seeking the truth.  As the

**INSTRUCTION NO. 1 (Cont.)**

**PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT**

words themselves imply, it is doubt based on reason and common

sense.

Reasonable doubt is not doubt beyond all possibility of

doubt, beyond every conceivable doubt, or beyond a shadow of a

doubt.  The United States is not required to prove the charges to

an absolute or mathematical certainty since there are few things

in this world that we can know with absolute certainty.  Thus,

the law does not require that the United States prove its case to

the same degree of certainty that you all have when you add two

plus two and get four.  As I stated earlier, proof beyond a

reasonable doubt is proof that leaves you, as reasonable persons,

firmly convinced of the defendant's guilt.

Pattern Criminal Jury Instructions, §S21, Federal Judicial
Center (1982); United States v. DeVincent, 632 F.2d 147, 152-153
and n.7 (1st Cir.), cert. denied, 449 U.S. 986 (1980)(reasonable
doubt); United States v. Gibson, 726 F.2d 869, 873-874 (1st
Cir.), cert. denied, 466 U.S. 960 (1984);  United States v.
Munson, 819 F.2d 337, 345-346 (1st Cir. 1987) United States v.

Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987), cert. denied,
486 U.S. 1009 (1988); United States v. Jorge, 865 F.2d 6, 10-11
(1st Cir. 1989); United States v. Campbell, 874 F.2d 838, 841-843
(1st Cir. 1989).

### INSTRUCTION NO. 2

### FUNCTION OF THE JURY

The function of you as jurors is to determine the facts.
You are the sole and exclusive judges of the facts.  You alone
decide the weight, the effect and the value of the evidence.  You
also decide the credibility -- that is, the believability -- of
the witnesses.  Once you determine the facts, it is your duty to
apply those facts to the law as I explain it to you to decide
whether the defendant is guilty or not guilty of the charges that
the United States has brought against him.

You must determine the facts without prejudice, without
fear, without favor, solely from a fair consideration of the
evidence.  Once you let fear or favor or prejudice or bias or
sympathy enter into your deliberations, there is a great risk
that you will not arrive at a true and just verdict.  In the same
vein, you may not consider any personal feelings you may have
about the race, religion, national origin, sex or age of the
defendant or any witness who testified during the trial.

You are not to decide the case based on what you have heard
or read outside the courtroom or according to any guesswork or
speculation.  You cannot speculate or guess what might or might
not have happened nor can you allow yourselves to be influenced
by your view of the nature of the crimes with which the defendant

has been charged or the consequences of your verdict.  Instead,

you must confine your deliberations to the evidence and nothing

### INSTRUCTION NO. 2 (Cont.)

### FUNCTION OF THE JURY

but the evidence.

<u>See</u> Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>,
§ 15.01 (3d ed. 1977 and 1990 cum. supp.).

## <u>INSTRUCTION NO. 3</u>

### <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES</u>

In your role as jurors, there is an important power that you
have and that you inevitably must exercise while considering and
evaluating the evidence that's been presented during the course
of this trial.  That is the power to draw inferences.

To set the stage for discussing inferences, let me tell you
that there are two types of evidence which you may use to
determine the facts of a case:  direct evidence and
circumstantial evidence.  Direct evidence is evidence of what a
witness sees, hears, touches, or in some other way perceives with
one of his or her senses.  Circumstantial evidence exists where a
witness does not testify directly about the fact that is to be
proved, but you are presented with evidence of other facts and
asked to draw reasonable inferences from them about the fact
which is to be proved.

What do I mean by an inference?  Let me begin, first of all,
with an abstract or theoretical definition of an inference, if
you will.  An inference is a permissible deduction that you may
make from evidence that you have accepted as believable.  Drawing
inferences is something you do every day.  Inferences are little
steps in reasoning, steps in which you take some known
information, apply your experience in life to it, and then draw a

conclusion.

Some inferences may be consistent with guilt, and some may

### INSTRUCTION NO. 3 (Cont.)

### DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

be consistent with innocence.  When an essential element of a

crime has not been proven by direct evidence -- that is, by

evidence of what somebody saw, or heard, or in some way perceived

with one of the five senses -- you must use your collective and

general knowledge to determine whether that element has been

established by inferences reasonably drawn from other evidence.

Any inference which you draw from such facts must be a reasonable

and natural one and not merely conjecture or guesswork.

Circumstantial evidence alone may be sufficient to convict

the defendant if it persuades you beyond a reasonable doubt that

the defendant is guilty of the offenses alleged in the

Indictment.

United states v. Clifford, 979 F.2d 896 (1st Cir. 1992); United
States v . Wight, 968 F.2d 1393, 1395 (1st Cir. 1992); United
States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

### INSTRUCTION NO. 4

### CREDIBILITY OF WITNESSES

In performing your role as jurors, your function, ladies and
gentlemen, is to evaluate the exhibits that have been introduced
and to determine and judge the credibility of the witnesses'
testimony.  What do I mean by credibility?  That is simply a
three-dollar word for "believability."  It is your function and
your function alone to determine the believability of the
witnesses who came forward and testified.  You are free to decide
that you believe all of what a witness told you, none of what a
witness told you, or some of what a witness told you.  You're
free to do that in accordance with your collective judgment as to
the believability of what it was that the witness told you while
on the witness stand.

Now, how do you go about making this critically important
judgment about the believability of what the witnesses told you
while they were testifying?  Having raised the question, I tell
you that I cannot -- indeed, nobody can -- tell you all of the
ways that you go about making this important judgment about
credibility.  I can suggest to you, however, some of the things
that you should consider in making that judgment.  You should
consider, for example, the conduct and demeanor of the witness

while testifying, the frankness or lack of frankness that the witness showed while testifying, the reasonableness or the unreasonableness of the testimony itself, the probability or

## INSTRUCTION NO. 4 (Cont.)

### CREDIBILITY OF WITNESSES

improbability of that testimony, the opportunity or lack of opportunity that the witness had to see and know the facts about which he or she was testifying, the accuracy of the witness's recollection, the degree of intelligence shown by the witness, and whether the witness has attempted to fill in gaps in his or her memory of events with information he or she obtained after the event.  You may also consider whether the witness has a motive for testifying and, of course, the interest or lack of interest that the witness may have in the outcome of the case. You should take into consideration the character and the appearance of the witness at trial and any bias he or she has shown in his or her testimony.  The list is not exhaustive.  It is, rather, a list of examples of the things you may take into account and should take into account in making that judgment.

United states v. Hardy, No. 91-10180-K, charge to the Jury
(D.Mass. Nov, 13, 1991) (Keeton, J.).

## INSTRUCTION NO. 5

## CREDIBILITY OF WITNESSES - PRIOR INCONSISTENT STATEMENTS

You should ask yourself whether there was evidence tending
to prove that the witness testified falsely concerning some
important fact; or, whether there was evidence that at some other
time the witness said or did something, or failed to say or do
something, which was different from the testimony he or she gave
before you during the trial.  You should keep in mind, of course,
that a simple mistake or inadvertent omission by a witness does
not necessarily mean that the witness was not telling the truth
as he or she remembers it, because people naturally tend to
forget some things or remember other things inaccurately.  So, if
a witness has made a misstatement or omission, you need to
consider whether that misstatement was simply an innocent lapse
of memory or an intentional falsehood; and that may depend on
whether it has to do with an important fact or with only an
unimportant detail.

<u>Pattern Jury Instructions - Criminal Cases</u>, §6.1, District Judges
Association, Eleventh Circuit (1985).


### INSTRUCTION NO. 6

### EXPERT WITNESSES

You may or may not have heard testimony from persons
described as experts.  Persons who, by knowledge, skill,
training, education or experience, have become expert in some
field may state their opinions on matters in that field and may
also state the reasons for their opinions.

Expert testimony should be considered just like any other
testimony.  You may accept or reject it, and give it as much
weight as you think it deserves, considering the witness'
education and experience, the soundness of the reasons given for
the opinion, the acceptability or the methods used, and all the
other evidence in the case.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>,
§15.22 (3rd ed. 1977) (modified).

### INSTRUCTION NO. 7

### STIPULATIONS OF FACT

During the presentation of evidence, stipulations between
the government and the defendants were read to you.  This means
simply that both sides accept as fact the proposition stated in
the stipulation.  In other words, there is no disagreement as to
that fact and you must accept it as fact.

<u>See</u> Federal Judicial Center, <u>Pattern Criminal Jury Instructions</u>,
12 (1988).

### INSTRUCTION NO. 8

#### PUNISHMENT

The punishment provided by law for the offense charged in
the indictment is a matter solely for the judge to decide.  The
jury should make its decision as to whether a defendant is guilty
or not guilty solely on the basis of the evidence presented, and
must not consider the possible punishment in any way in coming to
that determination.

U.S. Fifth Circuit District Judges Association, <u>Pattern Jury Instructions</u> (Criminal Cases) 21 (1979); Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 18.02 (3d ed. Supp. 1982).

<u>**INSTRUCTION NO. 9**</u>

<u>**"ON OR ABOUT"**</u>

You will note that the indictment charges that the offense was committed "on or about" certain dates rather than "on" certain dates.  The proof need not establish with certainty the exact dates of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date or dates reasonably near the dates alleged.

1 <u>Mod. fed. Jury Instructions</u>, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 13.05 (3d ed. 1977); <u>United States v. Brody</u>, 486 F.2d 291 (8th Cir. 1973), <u>cert</u>. <u>denied</u>, 417 U.S. 929 (1974).

**<u>INSTRUCTION NO. 10</u>**

[Read the Indictment]

Count One of the indictment charges the defendant with violating Section 922(a)(1)(A) of Title 18 of the United States Code.  That criminal statute provides that it is unlawful - for any person - except a . . . licensed dealer, to engage in the business of . . . dealing in firearms. . . .

I instruct you as a matter of law that it is a criminal violation of federal law for a person to engage in the business of dealing in firearms if that person has not been issued a federal license to do so.

In order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

FIRST:  That the defendant was not a licensed firearms

dealer;

SECOND: That the defendant engaged in the business of

dealing in firearms; and

THIRD:  That he did so willfully.

18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D).

## INSTRUCTION NO. 11

### UNLICENCED GUN DEALING - LICENSED FIREARMS DEALER

The first element of the crime of engaging in the business of dealing in firearms without a license is that the defendant is not a federally-licensed firearms dealer.  That is, it must be shown that James Peebles did not receive from the Bureau of Alcohol, Tobacco, and Firearms a license to engage in the business of dealing in firearms.

18 U.S.C. §§ 921(a)(11); 923(a).

**INSTRUCTION NO. 12**

**UNLICENCED GUN DEALING - FIREARM**

The second element of the crime of engaging in the business of dealing in firearms without a license is that the defendant engaged in the business of dealing in firearms.  The term "firearm" means any weapon which will or is designed to expel a projectile by the action of an explosive.  This definition includes handguns, rifles, and shotguns.

18 U.S.C. § 921(a)(3).

## INSTRUCTION NO. 13

### UNLICENCED GUN DEALING - ENGAGED IN THE BUSINESS

A dealer in firearms is any person who engages in the business of selling firearms at wholesale or retail.

The term "engaged in the business" connotes a person who devotes time, attention and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms. There is no minimum number of sales that must take place, however an isolated sale or two of a small number of firearms will not suffice. The term "dealing," connotes a regular course of conduct carried on over a period of time, or at least, on more than one or two unrelated occasions. Consequently, the term does not include a person who makes occasional sales, exchanges or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms.

The term "with the principal objective of livelihood and profit" means that the intention underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection.

Proof of profit is not required, however, as to a person who engages in the regular and repetitive purchase and disposition of firearms for criminal purposes.  Furthermore, the government is

### INSTRUCTION NO. 13 (Cont.)

### UNLICENCED GUN DEALING - ENGAGED IN THE BUSINESS

not required to prove either that dealing in firearms was the defendant's primary occupation or that he actually profited from such activity.  The statute is aimed broadly at those who hold themselves out as a source of firearms.  Thus, it is sufficient if the government establishes by its proof that the defendant had guns on hand, or was ready and able to procure them, for the purpose of selling them from time to time to such persons as might be accepted as customers.

Because the statute does not establish a specific quantity or frequency requirement with respect to the defendant's alleged sale of firearms, the finder of fact must examine his intent in light of all of the circumstances surrounding the acts alleged to constitute engaging in the business of dealing in firearms.  To be clear, though, even though the indictment which charges the defendant with engaging in the unlicenced dealing of firearms refers to eighteen firearms, it is sufficient for purposes of conviction if you find beyond a reasonable doubt that the defendant has engaged in unlicenced gun dealing with respect to any of the firearms.

18 U.S.C. §§ 921(a)(11), 921(a)(21)(C), 921(a)(22); United States

v. Tarr, 589 F.2d 55, 59-60 (1st Cir. 1978); United States v.
Murphy, 852 F.2d 1, 8 (1st Cir.), cert. denied, 489 U.S. 1022
(1989); United States v. Palmieri, 21 F.3d 1265, 1268 (3rd Cir.
1994); United States v. Carter, 801 F.2d 78, 81-82 (2d Cir.
1986); United States v. Blankenship, 775 F.2d 735, 741-42 (6th
Cir. 1985); United States v. Ellis, 747 F.2d 1205, 1209-10 (8th

**INSTRUCTION NO. 13 (Cont.)**
**UNLICENCED GUN DEALING - ENGAGED IN THE BUSINESS**

Cir. 1984); United States v. Berry, 644 F.2d 1034, 1037 (5th Cir.
1981); United States v. Wilmoth, 636 F.2d 123, 125 (5th Cir.
1981); United States v. Masters, 622 F.2d 83, 88 (4th Cir. 1980);
United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979);

United States v. Huffman, 518 F.2d 80, 81 (4th Cir.) (per curiam), cert. denied, 423 U.S. 864 (1975); United States v. Day, 476 F.2d 562, 567 (6th Cir. 1973); United States v. Williams, 502 F.2d 581, 582-83 (8th Cir. 1974); United States v. Swinton, 521 F.2d 1255, 1258-59 (10th Cir. 1975), cert. denied, 424 U.S. 918 (1976).


## INSTRUCTION NO. 14

### UNLICENCED GUN DEALING - WILLFULNESS

The third element of the crime of engaging in the business of dealing in firearms without a license is that the defendant acted willfully.  One acts willfully when he intentionally commits the acts proscribed by law with knowledge that his conduct is unlawful.  The government need not demonstrate, however, that the defendant knew of the specific statute he is charged with violating or that he intended to violate that statute.  It is sufficient if the government establishes the defendant's knowledge of the general illegality of his acts.

2 Devitt, et al., § 36.06; 1 Sand et al.,
¶ 35.01[4] at pp. 35-20 and 21; <u>United States v. Obiechie</u>, 38
F.3d 309, 314-316 (7th Cir. 1994); <u>United States v. Collins</u>, 957
F.2d 72, 75-76 (2d Cir.), <u>cert</u>. <u>denied</u>, 112 S.Ct. 2285 (1992)