UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
        v.                      )
                                )
JAMES PEEBLES                   )    CR. NO. 03-10390-WGY
                                )

### TRIAL BRIEF OF THE UNITED STATES

#### Introduction

On December 17, 2003, a federal grand jury sitting in Boston returned a one-count indictment against the defendant, charging him with engaging in the dealing of eighteen firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A).

#### Summary of Government's Case-In-Chief

The government presently anticipates calling approximately 15 witnesses at trial and estimates its case-in-chief will last approximately four days.

The government respectfully submits that the evidence at trial will show the following. An Ohio resident named Cedric Goulston purchased 18 guns from licensed dealers in Ohio between October 30, 1999 and January 6, 2001: Goulston purchased two firearms on October 30, 1999; four more on May 1, 2000; four more on May 6, 2000; two more on May 15, 2000; two more on July 7, 2000; and four more on January 6, 2001. The evidence of the

1

purchase of these firearms will come in the form of business records created at the time of the purchase (Federal ATF 4473 forms).

The evidence at trial will show that six of these guns have been recovered at various places in Boston, on the following dates: July 28, 2000, December 27, 2000, March 26, 2001, December 27, 2001, January 10, 2002, and May 5, 2003.

With respect to the firearm recovered on December 27, 2001, the evidence will be that Goulston purchased that firearm (along with another) on July 7, 2000.  The person from whom the gun was recovered will testify that he purchased the firearm from the defendant.  In addition, this witness will testify that the defendant told him during a conversation on October 23, 2003, that he could procure firearms, and had in the past procured firearms from an Ohio man named "Cedric," who would come to Boston periodically to deliver firearms to the defendant.  This conversation was recorded and the relevant portion will be played at trial.  Further, telephone phone records of calls placed by Cedric Goulston will reflect several calls placed to the defendant between June and November of 2000, a time period just following the purchase of a number of the guns that were recovered by police officers.

Finally, the government will introduce evidence that the defendant has never had nor applied for a federal firearms

dealer's license.

## Evidentiary Issues

The defendant will move to exclude evidence of the 12 guns not yet recovered. However, the government contends that the evidence of these firearms is unquestionably admissible. Putting aside that the firearms are in fact part of the charge contained in the indictment, rather than, for example, Rule 404(b) evidence, the fact that (1) a witness will testify he bought one of the recovered guns from the defendant in Boston, who told the witness he got guns from Goulston in Ohio, that (2) Goulston was living in Ohio and was making telephone calls to the defendant during the relevant time period, that (3) the defendant told teh witness that Goulston periodically brought him a quantity of firearms, and that (4) all of the guns recovered by law enforcement officers were found in Boston, a jury can infer that the defendant sold these 12 guns just as he sold the gun to the witness.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:

                              /s/Donald L. Cabell
                              DONALD L. CABELL
                              Assistant U.S. Attorney
                              (617)748-3105

DATE: June 14, 2004