**UNITED STATES OF AMERICA**
**DISTRICT OF MASSACHUSETTS**

**CRIMINAL NO. 03-10390-DPW**

**UNITED STATES OF AMERICA**

**V.**

**JAMES PEEBLES**

**DEFENDANT'S MOTION TO CONTINUE SENTENCING**

Now comes the defendant and moves this Honorable Court to enter an order continuing the sentencing of the defendant to a date subsequent November 29, 2004. The defendant is waiting for rulings on motions filed in the Quincy and Dorchester district courts to vacate certain prior convictions which the defendant contends are illegal. The government assents to this motion.

**MEMORANDUM**

In support of this request, the defendant contends that on September 27, 2004, his attorney received a copy of the addendum to the presentence report [PSR], based on the defendant's timely filed objections to the PSR. There are two criminal history points which still may be subject to dispute. These are the criminal history points described in paragraphs 48 and 53 of the PSR. It is the defendant's contention that he should not receive criminal history points for the dispositions of guilty filed referenced in paragraphs 48 and 53. Regardless whether the dispositions should count for criminal history points, it

seems that the underlying convictions probably are illegal.

The defendant, citing the application notes to USSG §4A1.2 and <u>United States v. Tavares</u>, 93 F.3d 10 (1st Cir. 1996), objected to the criminal history points assessed in paragraphs 48 and 53 of the PSR. The Probation Department at pages 4-5 of its addendum acknowledged that the First Circuit, in <u>Tavares</u>, at 13, upheld the District Court's (Young, C.J.) not to assess criminal history points to the <u>Tavares</u> defendant for guilty filed dispositions. The Probation Department nevertheless responded to the defendant's objections by deferring to the Court to determine the appropriate resolution of the issue while noting that the Probation Department has scored guilty filed dispositions as criminal history points.

The defendant's explanations as to why the PSR paragraphs 48 and 53 convictions are illegal appear in his motions filed in the Quincy (paragraph 48) and Dorchester (paragraph 53) courts, copies of which are attached to this motion/memorandum.

**Respectfully Submitted,**

**JAMES PEEBLES,
By his Attorney:**

_____
**J. THOMAS KERNER
Attorney at Law
230 Commercial Street
First Floor
Boston, MA  02109
(617) 720-5509**