**COMMONWEALTH OF MASSACHUSETTS**

**SUFFOLK, SS.**                                            **DORCHESTER COMPLAINT**
                                                             **03/6665**

**COMMONWEALTH OF MASSACHUSETTS**

**V.**

**JAMES PEEBLES**

**MOTION FOR NEW TRIAL**

Now comes the defendant and pursuant to M.R.Crim.P. 30(b) moves for this Honorable Court to enter an order vacating the conviction for receiving A stolen motor vehicle.

**MEMORANDUM**

This motion should be allowed because it appears that justice may not have been done when the Court accepted the defendant's guilty plea to the complaint. There was an error which was a manifest injustice that created a substantial risk of a miscarriage of justice. <u>Commonwealth v. Hallet</u>, 427 Mass. 552, 555 (1998).

The defendant pleaded guilty to the complaint. The allegation in support of the charge that the defendant (in violation of M.G.L. c. 266, § 28(a)) used a motor vehicle without authority was that on October 24, 2003, the defendant was observed operating a 2003 Chevrolet Impala, Massachusetts Registration number 86NJ13. On October 23, 2003, Alamo Rent-A-Car had reported the motor vehicle stolen.

In fact, prior to October 23, 2003, the defendant had obtained the motor vehicle from National Rent-A-Car[1] after executing a valid rental agreement for one week. By October 23, 2003, the original rental agreement had expired. Mr. Peebles had successfully extended the agreement three times, each for a period of one week. When the defendant called to extend the agreement for a third time, he was informed that his credit card was rejected. The defendant informed National that he must be at his credit limit. National agreed to extend the rental period for an additional week and the defendant was required to send a check for one week rental.

Between the time the defendant's credit card was rejected and when he mailed a money order for one week's rental ($254) the defendant was arrested and the instant complaint issued. Mr. Peebles paid National for all of the time he had rented the motor vehicle.

One of the reasons for this motion is that the defendant is scheduled to be sentenced for violating a federal criminal statue. The conviction in this complaint potentially will increase the defendant's federal sentence from eighteen months to twenty-four months. When the defendant agreed to dispose of

---

[1] Evidently, National and Alamo merged.

this complaint on March 19, 2004, he was advised by his attorney that the disposition of guilty filed would not effect his federal sentence.

In the instant case, in order to prove a violation of c. 90, § 24(2)(a) the Commonwealth needed to prove that the defendant used a motor vehicle without authority.  The Commonwealth must prove that the defendant knew that he did not have authority to use the motor vehicle.  It is the defendant's contention that the motor vehicle he was accused of using without authority had been rented to the defendant.  The defendant had informed the rental company that he needed to extend the rental period and had been granted permission to extend the rental period.  He believed that he had authority to use the motor vehicle.  He could not have believed that he did not have authority to use the motor vehicle, let alone known that he did not have authority.  In fact, the defendant had authority to use the motor vehicle.

The defendant requests a hearing on this motion.

        **Respectfully Submitted,**

        **JAMES PEEBLES,**
        **By his attorney:**


        _____
        **J. THOMAS KERNER**
        **Attorney at Law**
        **230 Commercial Street**
        **Boston, MA  02109**
        **(617) 720-5509**