COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                    QUINCY COMPLAINT
                                               94/8850 (A-D)

COMMONWEALTH OF MASSACHUSETTS

V.

JAMES PEEBLES

MOTION FOR NEW TRIAL

Now comes the defendant and pursuant to M.R.Crim.P. 30(b)
moves for this Honorable Court to enter an order vacating the
conviction for Count D, receiving stolen property valued less
than $250.00.

MEMORANDUM

This motion should be allowed because it appears that
justice may not have been done when the Court accepted the
defendant's guilty plea to Count D of the complaint.  There was
an error which was a manifest injustice that created a
substantial risk of a miscarriage of justice.  Commonwealth v.
Hallet, 427 Mass. 552, 555 (1998).  The defendant is not
contesting his convictions of Counts A through C.

The defendant contends that he signed a valid waiver of his
right to counsel.  Accordingly, when he pleaded guilty to Count
D he did so without the benefit of advise from an attorney.  The
allegations in support of the charge that the defendant (in
violation of M.G.L. c. 266, § 60) received stolen property

valued less than $250.00 were that the plates which the

defendant attached to his motor vehicle in December 1994, were

stolen.  In fact, the plates were not stolen.  They were issued

to the defendant's friend, Phillip Bayrouty, but for a different

motor vehicle.  The defendant had the plates with Mr. Bayrouty's

permission, though Mr. Bayrouty did not necessarily know that

the defendant had attached the plates to a different motor

vehicle.

Ordinarily, the defendant would not be seeking to disturb

the disposition in Count D almost ten years after the case was

closed.  The defendant is scheduled to be sentenced for

violating a federal criminal statue.  The conviction in Count D

of this instant complaint potentially will increase the

defendant's federal sentence from 18 months to 24 months.

In the instant case, in order to prove a violation of c.

266, § 60 the Commonwealth needed to prove that the defendant

received stolen property, knowing it to have been stolen.

Commonwealth v. Valleca, 358 Mass. 242, 244-245 (1970) and

Commonwealth v. Burdeau, 372 Mass. 641, 643 (1977).  It is the

defendant's contention that since the license plate he was

accused of receiving was not stolen, and was in fact issued to

the defendant, there was insufficient evidence presented to the

Court to accept the defendant's admission to Count D.

In order to assist the Court determine the merits of this motion, the defendant has sent a letter to the Milton Police with a copy of the application for the complaint from the Court's docket.  The defendant has requested the Milton Police to forward copies of any investigative reports which they may have that relate to this case.

The defendant requests a hearing on this motion.

**Respectfully Submitted,**

**JAMES PEEBLES,**
**By his attorney:**


**_____**
**J. THOMAS KERNER**
**Attorney at Law**
**230 Commercial Street**
**Boston, MA  02109**
**(617) 720-5509**